UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| PAUL GRISHAM, | ) |
|         Plaintiff, | ) |
| v. | ) No. 2:25-cv-00046-JPH-MG |
| ARAMARK, <br> DANIEL BEDWELL, <br> KOENING, <br> MCKIM Mrs., <br> PRICTCHER Sgt., <br> B. BUTTLER, <br> HOWARD Mrs., <br> WILSON Mrs., | ) |
|         Defendants. | ) |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Paul Grisham is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("Wabash Valley"). He filed this action pursuant to 42 U.S.C. § 1983. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

1

Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The complaint lists eight defendants: Aramark; Aramark supervisors Daniel Bedwell, Mrs. Mckim, Mrs. Howard, and Mrs. Wilson; Aramark worker Ms. Koening; correctional officer Sgt. Prictcher; and B. Buttler.

Although a plaintiff need not plead legal theories in a complaint, *see* Fed. R. Civ. P. 8(a), Mr. Grisham has identified the theories he wishes to use against the defendants as Eighth Amendment cruel and unusual punishment claims. Where a *pro se* litigant has expressly stated the legal theory he wishes to pursue, a court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory. *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Office of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606-07 (7th Cir. 2009)). Thus, the Court analyzes Mr. Grisham's claims only under the theories he has identified.

The Court accepts Mr. Grisham's factual allegations as true at the pleading stage but not his legal conclusions. *See Iqbal*, 556 U.S. at 678 ("we must take all

2

of the factual allegations in the complaint as true," but "we 'are not bound to accept as true a legal conclusion couched as a factual allegation'") (quoting *Twombly*, 550 U.S. at 555)).

The complaint alleges that Mr. Grisham worked in or near the Aramark "pots and pans area" in Wabash Valley. Dkt. 1 at 2. On January 19, 2024, between 11:00 a.m. and 12:15 p.m., he was working in the area and was approached by defendant Ms. Koening. She asked him to take a rolling pin that she had, and Mr. Grishman responded that it was not his. Ms. Koening disagreed and got angry, and a back-and-forth ensued. She threw the rolling pin at Mr. Grisham, striking him in the head. Additionally, water splashed all over him.

Mr. Grisham informed Aramark supervisors Mckim, Bedwell, Howard, and Wilson, who did not address the incident, but said that they would look into it. His grievances similarly yielded nothing. He also told Sgt. Pritctcher about the incident. Despite her behavior that day being captured on video, Ms. Koening continued to work for Aramark at Wabash Valley until she was terminated for an unrelated reason.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

First, all claims against B. Buttler are **dismissed**. Mr. Grisham alleges no facts as to B. Buttler to state a plausible claim for relief. He or she is not referenced in the complaint beyond being listed among the defendants. "Individual liability under § 1983 … requires personal involvement in the alleged

3

constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the [claims as to the defendant are] properly dismissed, even under the liberal construction to be given to *pro se* complaints." *Potter v. Clark*, 487 F.2d 1206, 1207 (7th Cir. 1974) (citation omitted). The Court **dismisses** all claims against B. Buttler for failing to state a claim upon which relief may be granted.

Second, all claims against Aramark are **dismissed**. Private corporations acting under color of state law—including those that contract with the state to provide essential services to prisoners—are treated as municipalities for purposes of 42 U.S.C. § 1983 and can be sued when their actions violate the Constitution. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). A plaintiff must identify an action taken by the municipality and allege a causal link between the municipality's action and the deprivation of federal rights; this is known as a *Monell* claim. *Dean*, 18 F.4th at 235. "A municipality 'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Levy v. Marion Co. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019). Mr. Grisham fails to allege that any policy, practice, custom, or act of a final decision maker led to his Eighth Amendment rights being violated. The Court **dismisses** all claims against Aramark for failing to state a claim upon which relief may be granted.

Third, all claims against Mr. Bedwell, Mrs. Mckim, Mrs. Howard, Mrs. Wilson, and Sgt. Prictcher are **dismissed**. The complaint does not allege that Mr. Bedwell, Mrs. Mckim, Mrs. Howard, and Mrs. Wilson engaged in unconstitutional excessive force; they were supervisors of Ms. Koening. Section 1983 claims generally cannot proceed against individuals merely for their supervisory role of others. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Rather, to be liable, a supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Zentmyer v. Kendall Cnty., Ill.*, 220 F.3d 805, 812 (7th Cir. 2000) (citation omitted). Mere "knowledge of a subordinate's misconduct is not enough for liability." *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (en banc). Indeed, "inaction following receipt of a complaint about someone else's conduct is [insufficient]." *Estate of Miller by Chassie v. Marberry*, 847 F. 3d 425, 428 (7th Cir. 2017).

Here, there are no allegations of repeated violent or aggressive behaviors by Ms. Koening after the incident was reported to the supervisors. The supervisors told Mr. Grisham that they would look into the incident, and there are no factual allegations that they facilitated, condoned, or turned a blind eye to Ms. Koening's behavior. Similarly, no allegation supports a reasonable inference that Sgt. Prictcher was personally involved in the alleged excessive force. "A damages suit under § 1983 requires a defendant be personally involved in the alleged constitutional deprivation." *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014). Mr. Grishman does not allege that Sgt. Prictcher and the Aramark supervisors were personally involved in, or even present for, the excessive force

5

incident. The Court **dismisses** all claims against Daniel Bedwell, Mckim, Prictcher, Howard, and Wilson.

Finally, all claims against Ms. Koening in her individual capacity **shall proceed**. Mr. Grisham has alleged sufficient facts for an Eighth Amendment excessive force claim. This is the sole claim that shall proceed.

### IV. Conclusion and Service of Process

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through November 10, 2025,** in which to file a motion to reconsider the screening order.

The **clerk is directed** to terminate Aramark, Daniel Bedwell, Mckim, Prictcher, B. Buttler, Howard, and Wilson as defendants on the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant Ms. Koening in the manner specified by Rule 4(d). Process shall consist of the complaint filed on January 22, 2025, and its updated signature page, dkts. [1], [18], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Because Ms. Koening is identified as a former employee of Aramark, a copy of this Order and the process documents shall be served on Aramark. Aramark is **ordered** to provide the full name and last known home address of Ms. Koening, if Ms. Koening does not waive service, if it has such information. This information shall be filed *ex parte.*

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 10/21/2025

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

PAUL GRISHAM
293953
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838

Aramark Correctional Services, LLC
C/O CT Corporation System
334 North Senate Ave.
Indianapolis, IN 46204

Courtesy Copy to:
Christopher Cody
Hume Smith Geddes Green & Simmons, LLP
54 Monument Circle, Suite 400
Indianapolis, IN  46204